FILED
2008 MAR 27 PM 3: 29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 05cr1629-L |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER OF CRIMINAL |
| v. | ) | FORFEITURE |
| | ) | |
| SYLVIA CAMPOS (10), | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, in the Superseding Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, SYLVIA CAMPOS (10) ("Defendant"), pursuant to Title 21, United States Code, Section 853(a)(1), and Title 18, United States Code, Section 982, as property obtained directly or indirectly as the result of the commission of the violations charged in the Superseding Indictment; and

WHEREAS, on December 3, 2007, Defendant pled guilty to Counts 1 and 3 of the Superseding Indictment, which plea included an agreement to submit to the Court the question of forfeiture; and

WHEREAS, by virtue of the admissions of the Defendant set out in the her plea agreement and guilty plea, the Court determined that **$1,000.00** (U.S. dollars), in whole or in part, represents the drug proceeds received by Defendant while engaging in conspiracies to import anabolic steroids and to launder money as charged in the Superseding Indictment; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to a personal money judgment against the Defendant in the amount of **$1,000.00**, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited property and the offense; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant shall forfeit to the United States the sum of **$1,000.00** pursuant to Title 21, United States Code, Section 853(a)(1) and Title 18, United States Code, Section 982; and

IT IS FURTHER ORDERED that Defendant shall satisfy the money judgment by paying $25.00 per month until the **$1,000.00** judgment is paid in full; and

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3), this Order of Forfeiture was made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed **$1,000.00** to satisfy the money judgment in whole or in part.

DATED: 3/27/08

M. JAMES LORENZ, Judge
United States District Court